UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRALYN C. COUNCIL,

      Plaintiff,

V().                                     Case No: 6:11-cv-847-Orl-36GJK

UNITED STATES OF AMERICA,
ERIC A. SHINSEKI, Secretary, Department
of Veterans Affairs, et al.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court upon the Motion to Dismiss for Lack of Jurisdiction filed by Defendants United States of America and the Secretary of the Department of Veterans Affairs ("Defendants") on January 9, 2012 ("Motion to Dismiss") (Doc. 53). Defendants move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss *pro se* Plaintiff Darralyn C. Council's ("Plaintiff") Amended Complaint (Doc. 52) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff filed a Response in opposition on January 23, 2012 (Doc. 57). Upon consideration of the parties' submissions, relevant legal authorities, and for the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

**I. BACKGROUND**

This is the fifth action filed by Plaintiff, stemming from his employment with the Department of Veterans Affairs in Houston ("Houston VA") and subsequently with the Department of Veterans Affairs in Orlando ("Orlando VA"). Plaintiff challenges various personnel actions culminating in his termination from the Orlando VA in August 2008. Doc. 52.

Plaintiff's allegations arise from an alleged "custodial interrogation" by employees of the Orlando VA on March 31, 2008, which ultimately resulted in his "being removed from federal employment." *Id.* ¶ 6.

### a. Previous Consolidated Cases

Plaintiff's previous four actions were consolidated into one proceeding, which included several discrimination and retaliation claims against individuals, the Houston VA and the Orlando VA, arising from: (1) Plaintiff's removal from the Prosthetics Internship Program at the Houston VA in 2007; (2) termination of Plaintiff's employment based upon improperly retaining copies of documents from the Houston VA containing patient information; and (3) other personnel actions at the Orlando VA. (*See* Case No. 6:09-cv-1406-35-GJK, Order granting in part and denying in part Defendants' Motion for Summary Judgment, Doc. 273). All of the Orlando related claims surrounding Plaintiff's August 2008 dismissal were dismissed. *Id.* The consolidated case proceeded to a jury trial on Plaintiff's Title VII claims, including the claim that he was removed from the Prosthetics Internship Program at the Houston VA on May 3, 2007 due to his race, and in retaliation for a complaint he filed with the Equal Employment Opportunity Commission ("EEOC Complaint"). The jury found for Defendants Eric A. Shinseki and the United States. After judgment was entered, the Plaintiff appealed. (Case No. 6:09-cv-1406-35-GJK; Docs. 292, 294).

### b. The Instant Action

Plaintiff filed this action on May 20, 2011 (Doc. 1).[1] Individual defendants Angela Bishop, James Mantia, Charles Coeyman, Deborah Berry, Timothy Liezert, David Mosakowski,

---

[1] Plaintiff filed his Complaint in this action four days before the jury trial on the consolidated actions, expressing interest in joining the action with the jury trial. The Court declined to expand the scope of the jury trial at such a late stage in the proceedings. *See* Doc. 50, pp.1-2.

2

Erich Schwartze, Edgar Tucker, Carlos Escobar, Donna Kyle and Frank Cassata (collectively "Individual Defendants") filed a Motion to Dismiss Plaintiff's Complaint on September 19, 2011 (Doc. 34), to which Plaintiff responded on September 29, 2011 (Doc. 37).  In granting the Defendants' Motion to Dismiss, the Court dismissed Counts I-IV without prejudice, granting Plaintiff leave to file an amended complaint (Doc. 50).  The Court found that Counts I - IV relating to the March 31, 2008 alleged custodial interrogation arose out of a different nucleus of operative facts than those facts adjudicated in Plaintiff's prior action, and were therefore not barred by claim preclusion.  *Id.*, p.5.  As to Counts V – IX, the Court dismissed the counts with prejudice, finding that they were barred by claim preclusion.

In Plaintiff's Amended Complaint filed on December 23, 2011, he alleges that he was locked in a room at the Orlando VA and involuntarily interrogated without an attorney, despite his request for legal and/or union representation.  Doc. 52, ¶ 6.  During what Plaintiff claims was an involuntary interrogation with an agent of the VA Office of Inspector General, Plaintiff was accused of removing patient data from the Houston VA to the Orlando VA when he transferred in 2007.  Doc. 52, ¶ 5.  Plaintiff alleges the following[2]: (I) violations of due process caused by denying Plaintiff legal representation on March 31, 2008; (II) false imprisonment and confinement on March 31, 2008; (III) failure to provide the process guaranteed in the collective bargaining agreement in place between the VA and the American Federation of Government Employees ("AFGE Union"); (IV) violations of due process resulting from Defendants' use of a defective criminal misconduct charge; (V) defamation due to false accusations of having stolen patient data; (VI) defamation resulting from Defendants' use of false charge and removal

---

[2] Plaintiff alleges six "Counts" and eight "Claims" in the Amended Complaint, which he appears to use interchangeably (Doc. 52).  The Court treats these as fourteen counts and will address each, labeling them as "Count" or "Claim" only as a reference to the Amended Complaint.

3

documents. *Id.*, ¶¶ 7-16. Plaintiff also states eight Claims for Relief, including requesting that the Court reverse Defendants' decision to terminate his employment. *Id.*, p.6.

## II.  STANDARD

To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp, et al. v. Twombly, et al.*, 550 U.S. 544, 555 (2007)). Mere naked assertions, too, are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*. at 1950. Therefore, although a complaint does not need detailed factual allegations to survive a challenge under Rule 12(b)(6), a plaintiff is still obligated to provide the "grounds" for his entitlement to relief. *City of Winter Haven v. Cleveland Indians Baseball Co, LP*, 2009 WL 1107670, *1 (M.D. Fla. 2009); *See Iqbal*, 129 S. Ct. at 1950 ("only a claim that states a plausible claim for relief survives a motion to dismiss.").

A defendant may attack subject matter jurisdiction in two manners: facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). A facial attack to subject matter jurisdiction requires the court assess, taking the allegations of the complaint as true, if the complaint sufficiently alleges a basis for jurisdiction. Fed. R. Civ. P. 12(b)(1). By contrast, in assessing a factual challenge to subject matter jurisdiction, the court may consider matters

outside of the complaint. *McMaster*, 177 F.3d at 940; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) ("'Factual attacks' … challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"). If a court finds at any point in the litigation that it lacks subject matter jurisdiction over an action, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Pleadings filed by *pro se* parties are construed liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, this "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted), *overruled on other grounds, see Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

### III. ANALYSIS

Defendants offer four arguments in favor of dismissal: (1) Claims I through VIII and Count IV in the Amended Complaint seek to re-litigate Plaintiff's removal from employment, which has been adjudicated, and thus are barred by claim preclusion; (2) Counts I, III, and IV, based upon due process violations, must be dismissed as there has been no waiver of sovereign immunity to sue the United States or its agencies for constitutional violations; (3) Counts II, V, and VI, based upon the intentional torts of false imprisonment and defamation, can only be maintained pursuant to the Federal Tort Claims Act ("FTCA"), and while Plaintiff filed an administrative claim challenging his removal based on a false criminal allegation, he did not file such a claim based on these intentional torts; and (4) Plaintiff never exhausted his administrative

5

remedies for any claim of disability discrimination. Doc. 53, pp. 6-7; Doc. 52. [3] With each argument, Defendants challenge the existence of subject matter jurisdiction in fact, and thus the Court will consider documents outside of Plaintiff's Amended Complaint. *See McMaster*, 177 F.3d at 940

### A. Claims I through VIII and Count IV are barred by claim preclusion

The Court finds that Plaintiff's Claims and Counts seeking to re-litigate his termination from the Orlando VA, Claims I - VIII and Count IV, are barred by claim preclusion. The doctrine of claim preclusion prevents a party from re-litigating matters adjudicated in an earlier suit, and applies "if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). This doctrine bars not only claims that were raised in the prior action, but those that could and should have been brought in the initial litigation. *Id.*; *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F. 3d 1265, 1270 (11th Cir. 2002). "The principle test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substances of the actions, not their form." *Citibank, NA v. Data Lease Financial Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990); *see Ragsdale*, 193 F.3d at 1239. This requires courts to determine "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Id.*

---

[3] Defendants submitted several exhibits accompanying their Motion to Dismiss which were filed as one document. The Court here references all of these exhibits as "Doc. 53-Ex. 1, [page of the PDF cited]".

6

Claims I-VII and Count IV in the Amended Complaint are "all premised upon the purported falsity of accusations of misconduct that formed the basis for Plaintiff's termination from the Houston VA and the Orlando VA," which this Court previously barred due to issue preclusion. Doc. 50, p.4 ("[w]hether or not Plaintiff engaged in the conduct that provided the stated basis for his termination is a matter that Plaintiff has already had the opportunity to litigate. Therefore, the Court finds that claim preclusion forecloses its re-litigation in this case, regardless of the labels Plaintiff attached to his causes of action."). Claims I through VIII all challenge Defendants' removal decision in some manner, and Count IV challenges the "defective" "criminal charge complaint" used as a basis for Plaintiff's termination. Doc. 52, ¶¶10, 17-22. This Court, upon review of the four elements required, previously dismissed parallel allegations Plaintiff made in his original Complaint, *see* Doc. 1, pp. 6-7, with prejudice since Plaintiff already litigated his termination.[4]  Doc. 50.

Here, Plaintiff's Title VII claims were adjudicated by a jury. Doc. 50, p.3. With respect to the third element required for claim preclusion, the Plaintiff is suing Defendants in privity with those he previously sued by virtue of their employment with the VA. *See* 6:09-cv-1406-Orl-35GJK; *See also Citibank*, 904 F.2d at 1502 (noting that "[m]ost other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless of which party to the relationship was first sued"). As these claims are all premised upon the alleged falsity of accusations forming the basis for Plaintiff's

---

[4] Further, as Defendants note, the Merit Systems Protection Board ("MSPB") Administrative Judge, upon hearing Plaintiff's claims, found "no merit in appellant's claim that the interview conducted by [the Investigator General] was in any way improper." Doc. 53-Ex. 1, p.23. Final decisions of the MSPB may be given preclusive effect. *See Gibson v. U.S. Postal Service*, 380 F.3d 886, 889 (5th Cir. 2004) ("MSPB decisions warrant application of the doctrine of res judicata.").

termination, the fourth element of claim preclusion has been satisfied. Consequently, the Court finds that claim preclusion forecloses Plaintiff's Claims I-VII and Count IV, regardless of the labels Plaintiff attaches to his causes of action. *See Ragsdale*, 193 F.3d at 1239.

### B. Plaintiff's due process Counts are barred by sovereign immunity and the Civil Service Reforml Act

Plaintiff cannot maintain his claims of constitutional due process violations against Defendants. First, in Counts I and II, Plaintiff sues pursuant to 42 U.S.C. § 1983 for alleged due process violations. As this Court has stated, an "action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers." Doc. 50, p.5; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 398 n.1 (1971). Second, the United States and its agencies cannot be sued without consent, and Plaintiff cannot bring a constitutional claim against a federal agency or a federal officer acting in his official capacity. *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n*, 453 F.3d 1309, 1315 (11th Cir. 2006); *Corr. Servs. Corp. v. Malsko*, 534 U.S. 61, 71 (2001) (holding that *Bivens* is "concerned solely with deterring individual officers' unconstitutional acts."). Accordingly, as there has been no waiver of sovereign immunity to sue the United States or its agencies for constitutional claims, the Counts alleging constitutional violations[5] must be dismissed for lack of jurisdiction.

Defendants argue that Counts I, III, and IV alleging due process violations are also barred by the Civil Service Reform Act, 5 U.S.C. §7703 ("CSRA"), which preempts constitutional claims that a federal employee may raise in connection with his or her employment. Doc. 53, p.10; *Hendrix v. Snow*, 170 Fed. Appx. 68, 2006 WL 288099 at *10 (11th Cir. 2006) ("outside of

---

[5] The Court construes Counts I, II, III and IV as alleging Defendants' violations of constitutional due process. Doc. 52, pp. 3-4. The Court has already found that Count IV is also barred by issue preclusion.

Title VII claims, both the Supreme Court and this Court have concluded generally that the CSRA provides the exclusive procedure for challenging federal personnel decisions."); *Lee v. Hughes*, 145 F.3d 1272, 1275 (11th Cir. 1998) (CSRA precludes constitutional claims even where it does not provide administrative or judicial review of an adverse personnel action); *Bush v. Lucas*, 462 U.S. 367 (1983) (holding that the CSRA's comprehensive statutory scheme provides the exclusive method for federal employees to redress employment grievances). In response to Defendants' argument for CSRA preemption, Plaintiff cites to *Whitman v. Dept. of Trans.*, 547 U.S. 512 (2006), for the proposition that "federal courts do have jurisdiction to review these types of cases pursuant to 28 U.S.C. §1331". Plaintiff's reliance on *Whitman* is misguided. Doc. 57, p.5. In *Whitman*, the Supreme Court clarified that given the scope of federal jurisdiction in 28 U.S.C. §1331, the proper question was whether the CSRA precluded, rather than granted, federal jurisdiction for a particular claim. *Whitman*, 547 U.S, at 514. The case was remanded to determine if the federal employee's claim fit within the CSRA scheme. *Id.*

Also, with respect to Plaintiff's due process claim in Count III, alleging that Defendants violated provisions of the collective bargaining agreement, the Federal Labor Relations Authority ("FLRA") has exclusive jurisdiction over labor management claims of federal employees. 5 U.S.C. § 7123(a)(1); Doc. 52, p.4; Doc. 53, p.3; *See Rizzitelli v. FLRA*, 212 F.3d 710 (2nd Cir. 2000)(Courts of Appeal lack subject matter jurisdiction to review the decision of the General Counsel of the FLRA). Plaintiff's allegation that Defendants violated his due process rights under the applicable collective bargaining agreement in Count III, Doc. 52, p.4, is preempted by the CSRA, which vests exclusive enforcement authority for the duty of fair representation with the FLRA. *Karahalios v. Nat'l Federation of Fed. Employees, Local 1263*, 489 U.S. 527 (1989).

9

Plaintiff's Counts grounded in due process claims, I through IV, are each barred by one or more of: (1) the limits on actions brought pursuant to 42 U.S.C. §1983; (2) Defendants' sovereign immunity; or (3) provisions of the CSRA.

### C. Plaintiff did not exhaust administrative remedies for any tort claim

Counts II, V and VI, alleging the intentional torts false imprisonment, defamation and libel, are dismissed because Plaintiff failed to comply with the procedures required by the Federal Torts Claim Act, 28 U.S.C. §1346 ("FTCA"). The FTCA is the exclusive remedy against the United States for negligent acts of its employees. *See* 28 U.S.C. §2675(a)[6]; *Acosta v. United States*, 207 F.Supp.2d 1365, 1368 (S.D. Fla. 2001); *Miles v. Naval Aviation Museum Foundation, Inc.*, 289 F.3d 715, 720 (11th Cir. 2002).

Plaintiff filed an administrative claim in February 2010, alleging that his termination was based upon false accusations of criminal conduct (Doc. 53- Ex. 1, pp. 30-32). The Court agrees that because Plaintiff's administrative claim did not raise allegations of false imprisonment, defamation, or libel, these claims were never exhausted and must be dismissed. Doc. 53, p.12; *Burchfield v. U.S.*, 168 F.3d 1252, 1256 (11th Cir. 1999) ("Section 2675(a) does not require an agency to undertake an independent search for injuries or theories of liability that are not closely related to the matters described in the claim.").

---

[6] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. §2675(a).

Finally, Plaintiff's Amended Complaint alleges jurisdiction may be based, in part, on the Americans with Disabilities Act, 42 U.S.C. §12101 ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), and in Claim VII alleges that his removal violated the ADA. Doc. 52, pp. 1, 8. In addition to the fact that the issue of Plaintiff's termination is barred by issue preclusion, any federal employee must exhaust administrative remedies before bringing an action for employment discrimination. 29 C.F.R. §1614.105(a)(1) (party must raise claims of discrimination within 45 days); *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006) ("Both federal statutes and EEOC regulations require a federal employee to exhaust an administrative process before filing a civil complaint of discrimination in the workplace). After his termination, Plaintiff filed a complaint with MSPB, alleging discrimination based upon his "Sex", "Race", and "Color". Doc. 53-Ex.1, at 9. Therefore, Plaintiff is barred from raising a claim of discrimination based upon disability for the first time before this Court. The Court concludes that Plaintiff's failure to exhaust appropriate administrative remedies bars its review of Counts II, V, VI and Claim VII.

In conclusion, the Court will dismiss Plaintiff's Amended Complaint, in its entirety. Specifically, all of Plaintiff's allegations are either barred by issue preclusion, sovereign immunity, the Civil Service Reform Act, or failure to exhaust administrative remedies.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Defendants United States of America and the Secretary of the Department of Veterans Affairs' Motion to Dismiss for Lack of Jurisdiction (Doc. 53) is **GRANTED**.

2. Plaintiff Darralyn C. Council's Amended Complaint (Doc. 52) is **DISMISSED.** Claims I – VIII and Counts I – IV are dismissed with prejudice**.** Counts V – VI are dismissed without prejudice.

3. The Clerk is directed to terminate any pending motions and deadlines, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 30, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties